# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-12-120-M |
| ) | |
| DAVID TORRES, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is defendant's Motion for the Two Point Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines, filed on October 6, 2014. On November 20, 2014, the government filed its response.

On June 22, 2012, the government filed a superseding information, charging defendant with possessing methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On August 13, 2012, defendant pled guilty to the superseding information. On February 4, 2013, the Court held a sentencing hearing, found that defendant's sentencing guideline range was 70-87 months of imprisonment, and imposed a downward-variant sentence of 41 months of imprisonment. Defendant now moves this Court for a sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 782.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The United States Supreme Court has held that § 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3682(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Further, § 1B1.10(b) of the United States Sentencing Guidelines provides:

> (b) Determination of Reduction in Term of Imprisonment. –
> (1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
> (2) Limitation and Prohibition on Extent of Reduction. –
> (A) Limitation. – Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
> (B) Exception for Substantial Assistance. – If the term of imprisonment imposed was less than

       the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

 (C) <u>Prohibition</u>. – In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10(b).

  Applying Amendment 782's revisions to the case at bar, defendant's new base offense level is 24. Applying defendant's original criminal history category of III to his new total offense level of 23 yields a revised guideline range of 57 to 71 months of incarceration. Because defendant's original sentence of 41 months of incarceration is less than the 57 month minimum of the revised guideline range and because defendant did not receive a reduction for substantial assistance, the Court finds defendant is not eligible for a sentence reduction.

  Accordingly, the Court DENIES defendant's Motion for the Two Point Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines [docket no. 334]. The AO 247 Form denying defendant's motion is filed simultaneously herewith.

  **IT IS SO ORDERED this 21st day of April, 2015.**

*(signature)*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE